**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 2 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10128 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00120-JAM |
| v. | |
| MICHAEL MILAY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted September 26, 2017**

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Michael Milay appeals the 12-month-and-one-day sentence, and a condition of supervised release, imposed following his guilty-plea conviction for failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

For the first time on appeal, Milay contends that the district court procedurally erred by failing to consider his non-frivolous sentencing arguments, and adequately explain the sentence. We review for plain error, *see United States v. Valencia-Barragan,* 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the court considered and responded to Milay's arguments, and sufficiently explained the below-Guidelines sentence. *See United States v. Carty,* 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, notwithstanding the court's misstatement regarding the length of the aggregate term, the record is clear that the court intended to impose a sentence of twelve months and one day for the instant offense and run it consecutively to the seven-month sentence for Milay's violation of supervised release.

Milay also challenges a condition of his supervised release that prohibits him from communicating or interacting with known convicted felons, absent permission from his probation officer. He contends that the condition is not reasonably related to his rehabilitation because some of his family members are felons and it is beneficial to him to have relationships with those family members. The district court did not abuse its discretion in imposing this standard condition. *See* U.S.S.G. § 5D1.3(c)(8) (2016); *United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008). The court exempted Milay's father, the only family member Milay identified as affected by the condition, and the condition is reasonably

related to the relevant sentencing factors, and involves no greater deprivation of liberty than is reasonably necessary to achieve the purposes of supervised release. *See* 18 U.S.C. § 3583(d); *Daniels*, 541 F.3d at 924. Contrary to Milay's argument, the court was not required to explain further its reasons for imposing the condition. *See Daniels*, 541 F.3d at 924.

**AFFIRMED.**

17-10128